11th Court of Appeals
Eastland, Texas
Memorandum Opinion 
 
Ray B. Smith
            Appellant
Vs.                  No. 11-03-00386-CV -- Appeal from Palo Pinto County
Electromedical Products International, Inc.
            Appellee
 
            The trial court determined that appellant, Ray B. Smith, breached the agreement that he
executed with his former employer, Electromedical Products International, Inc. (EPII). The trial
court enjoined Smith from directly or indirectly engaging in any business competing with EPII until
January 31, 2006, and from committing further breaches of the agreement. The trial court also
ordered Smith to return documents that belonged to EPII. Smith’s sole point of error on appeal is
that the trial court did not have subject matter jurisdiction over EPII’s claims because they were
copyright claims which federal courts have exclusive jurisdiction over under the Copyright Act, 17
U.S.C. § 101 et seq. 28 U.S.C. § 1338(a). We affirm.
            Although represented by counsel on appeal, Smith represented himself at the bench trial
despite several warnings and admonishments from the trial court regarding the risks of self-representation. Smith did not plead any counterclaims or raise any affirmative defenses.
Background Facts
            Smith does not challenge the trial court’s findings of fact. Therefore, we will summarize the
court’s findings only to the extent necessary to demonstrate that EPII’s claims were not copyright
claims and that the trial court had jurisdiction.
            EPII researches, develops, and markets cranial electrotherapy stimulation technology that is
used for treatment of anxiety, depression, and insomnia. Smith was hired as EPII’s Director of
Science. At the beginning of Smith’s employment, he and EPII entered into a “Non-Disclosure/Non-Circumvention Agreement.” In the agreement, Smith acknowledged that confidential information,
list of customers, and intellectual property were valuable and unique assets of EPII’s business. Smith
agreed that, during or after the term of his employment, he would not directly or indirectly:
[D]disclose, disseminate, publish or use, or permit the disclosure, dissemination, publishing
or use of, the Confidential Information, List of Customers, and Intellectual Property or any
part thereof, to or for [himself] or any other person, firm, corporation, association, or any
other entity for any reason or purpose whatsoever, except as may be required in the proper
discharge of [his] duties pursuant to [his] employment.
 
            The agreement provided that upon the termination of Smith’s employment (1) Smith would
return all confidential information and customer lists to EPII; (2) EPII would be entitled to an
injunction against any unauthorized disclosure if there was a breach, or threatened breach, of the
agreement by Smith; and (3) Smith would not enter into or engage in any business in competition
with EPII for a period of three years from the date of his termination.
            Part of Smith’s duties included writing items for publication on behalf of EPII. His writings
generally addressed research studies which had been done with EPII’s products. To perform his
duties, Smith had access to confidential company information. EPII planned to publish a manuscript
with Haworth Press and asked Smith to begin writing the manuscript. Before the manuscript was
completed, EPII found out that Smith had directed customers of EPII to competitors’ products and
that Smith had continued research with distributors after EPII had directed him not to continue the
research. EPII concluded that Smith had apparently violated the terms of their agreement and
terminated Smith’s employment. 
            After Smith was terminated, he contacted Haworth Press asking for a new contract to write
the manuscript. Smith indicated to Haworth Press that he was in communication with another
manufacturer of a cranio-electrotherapy stimulation device. Prior to the bench trial, the trial court
had granted a temporary injunction to EPII against Smith, requiring Smith to refrain from directly
or indirectly disclosing, publishing, or using EPII’s confidential business information. Despite the
temporary injunction, Smith continued to violate the agreement. He advised Haworth Press that “the
judge concluded that [EPII] had not shown any case against [him]” at the temporary injunction
hearing.
 
 
The Federal Copyright Act Is Not Implicated
            As a basis for his argument that EPII’s claims were federal copyright claims, Smith points
to the trial court’s fourth conclusion of law:
The Manuscript and all other articles, journals or books written by Smith during his
employment at EPII are considered “works for hire” and as such the copyright to the
materials belong to EPII.

            It is unclear why the trial court stated this conclusion of law because EPII’s principal claims
were for breach of contract and to prevent the “disclosure of its trade secrets and confidential
information.” There was nothing in EPII’s petition that indicates EPII was seeking to enforce
copyright claims. In its conclusions of law, the trial court found that the agreement was binding and
enforceable and that Smith had violated its non-competition provisions and its non-disclosure
provisions. The trial court’s judgment dealt only with EPII’s state court claims. 
            The Fifth Circuit Court of Appeals has established a two-part test for determining whether
a state-law claim is preempted by federal law under the Copyright Act’s preemption provision, 17
U.S.C. § 301. Both tests must be satisfied for preemption to occur. First, the cause of action is
examined to determine whether it falls within the subject matter of copyright as defined by 17 U.S.C.
§ 102. Second, the cause of action is examined to determine if it protects rights that are equivalent
to any of the exclusive rights of a federal copyright as provided in 17 U.S.C. § 106. Carson v.
Dynegy, Inc., 344 F.3d 446, 456 (5th Cir. 2003); Daboub v. Gibbons, 42 F.3d 285, 288-89 (5th Cir.
1995). Smith’s argument fails both tests.
            It was not the federal copyright law that prevented Smith from publishing the manuscript;
it was the fact that Smith would use the manuscript to disclose EPII’s confidential information and
that Smith had breached, and would further breach, his agreement with EPII. Section 102(b) of the
federal copyright act provides:
In no case does copyright protection for an original work of authorship extend
to any idea, procedure, process, system, method of operation, concept, principle, or
discovery, regardless of the form in which it is described, explained, illustrated, or
embodied in such work.

            By the terms of Section 102(b), EPII’s claims for breach of contract and to prevent disclosure
of its trade secrets and confidential information sought to protect rights that did not fall within
copyright protection. EPII was seeking to protect ideas, processes, and concepts that it had
developed, not materials that it had copyrighted.
            EPII’s cause of action also did not seek to protect rights that were equivalent to any of the
exclusive rights of a federal copyright. A right is equivalent if the mere act of reproduction,
distribution, or display infringes that right. Section 106; Taquino v. Teledyne Monarch Rubber, 893
F.2d 1488, 1501 (5th Cir. 1990). The test for evaluating the equivalency of rights is commonly
referred to as the “extra element” test. A state law claim is not preempted by the copyright laws if
the cause of action is qualitatively different from a copyright action. Computer Management
Assistance Company v. Robert F. DeCastro, Inc., 220 F.3d 396, 404 (5th Cir. 2000). “Qualitatively
different” means that the state cause of action has an extra element beyond the requirements of a
federal copyright claim. Id. at 404.
            A breach of contract claim contains an extra element that defeats federal jurisdiction under
Section 301. Daboub v. Gibbons, supra at 289-90; Taquino v. Teledyne Monarch Rubber, supra at
1501. Even if EPII’s claims had contained some semblance of a copyright claim, which they did not,
the extra element test was satisfied because EPII’s claims were based on a contractual arrangement
between the parties and on its right to protect trade secrets and confidential information. We
overrule Smith’s sole point of error.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                    TERRY McCALL
                                                                                    JUSTICE
 
August 18, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Wright, J., and McCall, J.